NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEIWY NOPSA SANTOS; LUZ
CARDENAS GELVES; A.M.N.C.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7523

Agency Nos.
A246-161-863
A246-161-864
A246-161-865

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026[**]
San Francisco, California

Before: CALLAHAN, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Deiwy Farley Nopsa Santos ("Nopsa"), his wife Luz Helena Cardenas

Gelves ("Cardenas"), and their minor daughter, A.M.N.C., are natives and citizens

of Colombia. They petition for review of a decision of the Board of Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appeals ("BIA") affirming an Immigration Judge's ("IJ") (collectively, the "Agency") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] "Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is 'limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We review legal questions de novo and factual findings, including as to a persecutor's motive, for substantial evidence. *See id.*; *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. The Agency did not err in denying Petitioners' asylum and withholding of removal claims.

Before the BIA, Petitioners did not challenge the IJ's determination that the proposed particular social group ("PSG") of "Colombian children who are perceived as property and lack effective familial protection" was not cognizable because it lacks particularity. Petitioners likewise did not challenge the IJ's

---

[1] Nopsa and Cardenas each listed each other, as well their minor child, as beneficiaries of their respective asylum claims. Each petitioner filed separate Form I-589 applications based on the same set of facts. Cardenas, however, raised an additional basis for her claim, independent of Nopsa's application.

determinations that the proposed PSG of "Colombians with an anti-corruption political opinion" was not cognizable and that Petitioners did not show the requisite nexus between their past harms and a political opinion.[2] The issues they now raise were not exhausted, *see* 8 U.S.C. § 1252(d)(1), so we decline to consider them.

Substantial evidence supports the Agency's finding that the National Liberation Army ("ELN") threatened Petitioners because Petitioners "happened to be in the wrong place at the wrong time." The record does not compel a conclusion that the ELN was motivated to target Petitioners for any reason other than the fact that Petitioners were present when the ELN targeted Nopsa's brother-in-law. The ELN never targeted or communicated with Petitioners aside from that incident. And as the Agency noted, when the ELN came to Petitioners' home, Petitioners themselves were not—at that time—members of the proposed PSG of "Colombian witnesses to crimes who are willing to testify against criminals." The ELN could not have been motivated by Petitioners' asserted membership in a group they were not yet members of. Substantial evidence, therefore, supports the Agency's finding

---

[2] To the extent that Petitioners argue that the IJ failed to consider their claim of persecution based on a political opinion separately from their claim of persecution based on a proposed PSG of "Colombians with an anti-corruption political opinion," the IJ clearly considered their political opinion claim separately from their claim based on the proposed PSG. And as the Government notes, Petitioners, in any case, failed to exhaust this argument. *See* 8 U.S.C. § 1252(d)(1).

that Petitioners did not show a nexus to a protected ground, including as to any of Petitioners' other proposed PSGs.[3]

Finally, substantial evidence supports the Agency's denial of Petitioners' asylum and withholding of removal claims because Petitioners did not meet their burden to show that they could not safely and reasonably relocate within Colombia to avoid future harm. *Kaur v. Garland*, 2 F.4th 823, 836 (9th Cir. 2021) (recognizing that a petitioner who has not shown past persecution "bears the burden of showing she could not reasonably relocate"); *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) (holding that where an applicant for asylum or withholding of removal can reasonably and safely relocate to avoid future harm, the applicant is necessarily ineligible for either asylum or withholding of removal). The record supports the Agency's finding that Petitioners had already safely and reasonably relocated within Colombia following the incident with the ELN, along with Cardenas's mother who continues to reside in Colombia without incident.

2. Petitioners did not challenge the IJ's findings that Petitioners failed to establish (a) past harm rising to the level of torture, (b) an inability to safely

---

[3] "The lack of a nexus to a protected ground is dispositive of [the petitioner's] asylum and withholding of removal claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). The BIA was therefore not required to address whether the remaining proposed PSGs were cognizable. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

relocate internally, and (c) the Colombian government's participation in or acquiescence to any torture. Petitioners' failure to exhaust these issues is sufficient to resolve their CAT claims. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (providing that to qualify for CAT relief, an applicant "must establish that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" (quoting 8 C.F.R. § 208.16(c)(2))); 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that the administrative exhaustion requirement is mandatory when the Government has properly raised it).

**PETITION DENIED.**[4]

---

[4] The temporary stay of removal remains in place until the mandate issues. Petitioners' opposed motion for a stay of removal, Dkt. No. 2, is otherwise denied.